UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR WALKER,

                Petitioner,

v.                                CIVIL ACTION NO. 04-CV-40066-FL
                                HONORABLE PAUL V. GADOLA

KENNETH McKEE,

                Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
BUT GRANTING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

**I.**      **Introduction**

      Petitioner Victor Walker, a state prisoner currently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is being held in violation of his constitutional rights. Respondent Kenneth McKee is the warden at the Bellamy Creek Correctional Facility.

      Petitioner was convicted of kidnapping, felonious assault, and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court in 2000. He was sentenced as a habitual offender to 18 to 40 years imprisonment on the kidnapping conviction, a concurrent term of two to six years imprisonment on the assault, and a consecutive term of two years imprisonment on the felony firearm conviction. Petitioner's sole claim upon habeas review

1

is that he was denied the effective assistance of counsel when appellate counsel failed to timely file an appeal as of right with the Michigan Court of Appeals. For the reasons stated below, the Court denies the petition for writ of habeas corpus, but grants a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

## II.   Facts and Procedural History

Petitioner's convictions arise from the kidnapping and assault of Kenyon Barkley in Detroit, Michigan in the fall of 1999. Essentially, Petitioner and his brothers, Michael Walker and Keith James Walker, participated in the abduction, confinement, and assault of Barkley in an effort to learn the whereabouts of an associate of Barkley, who allegedly was involved in shooting Petitioner on a prior occasion. Barkley and several police officers testified at trial against Petitioner and his co-defendant brothers. All three Walkers were convicted. Petitioner was sentenced on August 17, 2000.

Following sentencing, Petitioner retained counsel to pursue an appeal as of right. Retained counsel, however, failed to file a claim of appeal within the 42-day time limit established by Michigan Court Rule 7.204(A)(2)(c). Accordingly, the Michigan Court of Appeals dismissed Petitioner's appeal as of right and advised Petitioner that he could file a delayed application for leave to appeal. *See People v. Walker*, No. 230193 (Mich. Ct. App. Dec. 6, 2000) (unpublished). Petitioner, through new appellate counsel, filed a delayed application for leave to appeal with the Michigan Court of Appeals on August 16, 2001 raising claims of prosecutorial misconduct, improper admission of hearsay, and improper police testimony. Additionally, Petitioner filed a motion to remand on a claim of ineffective assistance of counsel based upon counsel's failure to

2

timely pursue an appeal as of right.  The Michigan Court of Appeals denied the motion and denied the application for leave to appeal "for lack of merit in the grounds presented."  *See People v. Walker*, No. 236108 (Mich. Ct. App. Nov. 28, 2001) (Judge White dissenting).  The court also denied Petitioner's request for rehearing.

Petitioner thereafter filed an application for leave to appeal with the Michigan Supreme Court raising the ineffective assistance of appellate counsel, prosecutorial misconduct, hearsay, and improper police testimony claims.  The Michigan Supreme Court denied leave to appeal with one justice issuing a concurring opinion, one justice recommending a remand to the Michigan Court of Appeals, and one justice dissenting.  *See People v. Walker*, 467 Mich. 903, 653 N.W.2d 621 (2002).

Petitioner, through counsel, filed the present habeas petition on February 27, 2004 asserting that he was denied the effective assistance of appellate counsel because retained counsel failed to timely file a claim of appeal with the Michigan Court of Appeals, which resulted in Petitioner being denied the opportunity to appeal his convictions as of right.  Respondent filed an answer to the habeas petition on October 5, 2004 asserting that it should be denied for lack of merit because Petitioner cannot establish that he was sufficiently prejudiced by appellate counsel's conduct.

## III.   <u>Standard of Review</u>

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody

3

pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the

4

state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.

## IV.   <u>Analysis</u>

As noted above, Petitioner asserts that he is entitled to habeas relief because his appellate counsel was ineffective for failing to timely file a claim of appeal in the Michigan Court of Appeals, which resulted in Petitioner being denied the opportunity to appeal as of right. The right to the effective assistance of counsel includes the right to the effective assistance of appellate counsel on direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Carpenter v. Mohr*, 163 F.3d 938, 946 (6th Cir. 1998). In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair appeal. *Id.*

In this case, Petitioner's original appellate counsel failed to file a timely appeal as of right on Petitioner's behalf in the Michigan Court of Appeals. Respondent does not dispute that such

5

conduct constituted deficient performance under *Strickland*. The first prong of *Strickland* is therefore satisfied. The issue in this case is whether appellate counsel's failure prejudiced Petitioner.

The Supreme Court has held that if counsel fails to provide any assistance to a criminal defendant at a critical stage of his criminal proceedings, prejudice may be presumed <u>if</u> "the violation of the right to counsel rendered the proceeding <u>presumptively unreliable or entirely nonexistent</u>." *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000) (emphasis added). To determine whether Petitioner's counsel's deficiency rendered the proceeding presumptively unreliable or entirely nonexistent, the Court will examine the Michigan procedures for direct appeals. Respondent contends that Petitioner was not sufficiently prejudiced because he was not denied the opportunity to pursue a direct appeal of his convictions. Specifically, Respondent asserts that Petitioner was allowed to, and did, pursue his appellate rights by filing an application for leave to appeal with the Michigan Court of Appeals. Justice Corrigan of the Michigan Supreme Court explained in her concurring opinion regarding Petitioner that:

> Michigan has a unique appellate process. Failure to file a timely claim of appeal under [Michigan Court Rule] 7.204(A)(2) <u>does not eradicate a defendant's opportunity to seek direct appellate review of his conviction</u>. Under [Michigan Court Rule] 7.205(F), a defendant who does not perfect a timely claim of appeal may file an application for a delayed appeal within twelve months of the order or judgment on the merits.

*People v. Walker*, 467 Mich. 903, 653 N.W.2d 621, 622 (2002). Although Petitioner was not allowed to pursue an appeal as of right due to his first appellate counsel's conduct, he was, through new counsel, able to file an application for leave to appeal in the Michigan Court of Appeals to pursue his right of direct appeal – and he in fact did so. Thus, his direct appeal cannot be considered

6

"entirely nonexistent."

Furthermore, the record indicates that the Michigan Court of Appeals considered the merits of Petitioner's claims given that it denied his application for leave to appeal "for lack of merit in the grounds presented."  Under these circumstances, it cannot be said that Petitioner's appeal was "presumptively unreliable."  Although the Michigan Court of Appeals did not address the merits of the grounds raised in a written opinion, this Court cannot conclude that the Michigan Court of Appeals' evaluation should be presumed to be unreliable.  That is, the Court concludes that Petitioner is not entitled to a presumption of prejudice after the Michigan Court of Appeals examined his claims through an application for leave to appeal and determined that they lacked merit.  This leaves Petitioner the option of demonstrating actual prejudice.  Petitioner, however, does not argue actual prejudice or the merits of his claims in the present petition.  The Court therefore will not reach the issue of actual prejudice.

To summarize, the Court concludes that Petitioner has demonstrated that counsel performed deficiently in failing to file a claim of appeal.  This satisfies the first prong of the *Strickland* test.  Petitioner, however, has not satisfied the second prong of the test because he has not shown prejudice.  Specifically, Petitioner has failed to demonstrated that prejudice should be presumed in this case; Michigan's unique appellate procedures were sufficient to provide a proceeding that was not "presumptively unreliable or entirely nonexistent," as is required to create a presumption of prejudice according to the Supreme Court.  *Flores-Ortega*, 528 U.S. at 484.

Petitioner, echoing the dissent of Justice Kelly of the Michigan Supreme Court, claims that a presumption of prejudice is required in this case, citing to *United States v. Cronic*, 466 U.S. 648

7

(1984). The Court first of all notes that *Flores-Ortega*, which the Court applied above, is a more recent decision than *Cronic*. Furthermore, *Cronic* addresses ineffectiveness of counsel at trial, whereas *Flores-Ortega* addresses ineffectiveness on appeal, which is more applicable to this case. Finally, *Cronic* like *Flores-Ortega*, requires a proceeding that "entirely fails" or is "presumptively unreliable" to warrant a presumption of prejudice. *Cronic*, 466 U.S. at 659. As the Court addressed above, the appellate process provided in this case was not entirely nonexistent or presumptively unreliable so as to warrant a presumption of prejudice. *But see Benoit v. Bock*, 237 F. Supp. 2d 804, 811 (E.D. Mich. 2003) (Lawson, J.) (similar case in which the court granted habeas relief to the petitioner because appellate counsel failed to perfect an appeal as of right and the petitioner was denied leave to appeal by the Michigan Court of Appeals).

Having considered the matter, this Court concludes that the Michigan appellate courts' decisions are neither contrary to United States Supreme Court precedent nor an unreasonable application thereof, particularly in light of the standard set forth in *Roe v. Flores-Ortega*.

**V.    Conclusion**

For the reasons stated above, this Court concludes that Petitioner is not entitled to federal habeas relief on his ineffective assistance of appellate counsel claim. Accordingly, the Court **DENIES** the petition for writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

8

If a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

This Court determines that Petitioner has made a substantial showing of the denial of a constitutional right as to his habeas claim. Reasonable jurists could find this Court's decision debatable or wrong. Accordingly, the Court **GRANTS** a certificate of appealability in this case. Given this determination, the Court also **GRANTS** Petitioner leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

s/Paul V. Gadola
PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE

DATED:    April 26, 2005

9

Certificate of Service

I hereby certify that on __April 26, 2005__ , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____William C. Campbell_____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____Mark N. Awada_____.

s/Ruth A. Brissaud_____

Ruth A. Brissaud, Case Manager

(810) 341-7845

10