UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR WALKER,

        Petitioner,

v.                                                CIVIL ACTION NO. 04-CV-40066-FL
                                                   HONORABLE PAUL V. GADOLA

KENNETH MCKEE,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM
THE COURT'S ORDER OR TO EXTEND THE TIME TO FILE AN APPEAL**

     This matter is before the Court on Petitioner Victor Walker's motion for relief from judgment or to extend the time to file an appeal, concerning this Court's dismissal of his habeas corpus petition. Petitioner asserts that he is entitled to relief from judgment under Federal Rule of Civil Procedure 60(b) because the Michigan Attorney General argued that the Michigan Court of Appeals' denial of a discretionary appeal is not a decision on the merits of the underlying claims in arguments before the United States Supreme Court in the case of *Halbert v. Michigan*, _ U.S. _, 125 S. Ct. 2582 (June 23, 2005). Petitioner also seeks to re-open the time for filing an appeal of the denial of his habeas petition pursuant to Federal Rule of Appellate Procedure 4(A)(6). Respondent has not filed a reply to Petitioner's motion.

     To the extent that Petitioner seeks reconsideration of the Court's denial of his petition, he is not entitled to relief. A motion for reconsideration which presents issues already ruled upon by

1

the court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3).

Further, even considering Petitioner's motion under Federal Rule of Civil Procedure 60(b), he is not entitled to relief. Under that rule, a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

Petitioner asserts that the Attorney General's legal arguments in *Halbert* are "party admissions" which constitute newly-discovered evidence. As an initial matter, the Court notes that Petitioner's claim is more properly characterized as one of judicial estoppel rather than an evidentiary-based party admission. *See generally* Fed. R. Evid. 801(d)(2). The doctrine of judicial estoppel precludes a party from "taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding." *Teledyne Indus., Inc. v. NLRB*, 911

F.2d 1214, 1217 (6th Cir. 1990). The doctrine is an equitable one applied at a court's discretion. Factors to be considered include: (1) whether the party's later position is clearly inconsistent with its earlier position, (2) whether acceptance of the party's later position would create the perception that either the first or the second court was misled, and (3) whether the party asserting the inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party. *See Bullard v. Alcan Aluminum Corp.*, 113 Fed. Appx. 684, 689 (6th Cir. 2004). Petitioner's judicial estoppel argument lacks merit. While the Attorney General may have asserted that the Michigan Court of Appeals' denial of a discretionary appeal is not a decision on the merits of the underlying claims in *Halbert*, this argument was not successful. *See Halbert*, 125 S. Ct. at 2591 (noting that the Michigan Court of Appeals is an error-correcting court such that it is "guided in responding to leave to appeal applications by the merits of the particular defendant's claims, not by the general importance of the questions presented"). Consequently, judicial estoppel does not mandate a different result in this case.

Additionally, as explained in the Court's prior opinion, Petitioner has not established that appellate counsel's error rendered the proceeding presumptively unreliable or entirely nonexistent as required by *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000). Despite original appellate counsel's failure to timely file an appeal as of right, Petitioner still had an opportunity to pursue a direct appeal of his convictions by filing an application for leave to appeal – and he did so with the assistance of new counsel. The Court thus concludes that it did not err in denying the habeas petition. Petitioner has not established that a different result is warranted under the standards set forth in Rule 60(b) and is not entitled to relief from judgment.

3

Petitioner also seeks to re-open the time for filing an appeal with the United States Court of Appeals for the Sixth Circuit. Petitioner, however, has neither alleged nor established why he should be entitled to re-open the time for filing an appeal under Federal Rule of Appellate Procedure 4(A)(6). This Court granted Petitioner a certificate of appealability and leave to proceed on appeal *in forma pauperis* when it denied his habeas petition on April 26, 2005. Petitioner has not demonstrated why he did not pursue a timely appeal of that decision. Given these circumstances, the Court concludes that an extension of time is not warranted.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's motion [docket entry 28] is **DENIED**.

**SO ORDERED.**

Dated: September 30, 2005               s/Paul V. Gadola

                                        HONORABLE PAUL V. GADOLA
                                        UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  October 3, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

                William C. Campbell                        , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:           Mark N. Awada                          .

                                        s/Ruth A. Brissaud
                                        Ruth A. Brissaud, Case Manager
                                        (810) 341-7845