UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

VICTOR WALKER,

        Petitioner,

v.                                                             Civil No. 04-40066-BC
                                                          Honorable Thomas L. Ludington

KENNETH MCKEE,

        Respondent.
_____/

**ORDER DENYING THE PETITIONER'S MOTION FOR RELIEF UNDER RULE 60(d), FOR APPOINTMENT OF COUNSEL, AND TO REINSTATE THE CERTIFICATE OF APPEALABILITY, AND DENYING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

        On January 26, 2010, Petitioner Victor Walker filed two motions seeking relief from a prior judgment denying his petition for a writ of habeas corpus, and requesting the Court's permission to proceed with an appeal. *See* Fed. R. Civ. P. 60(d); [Dkt. # 30, 31]. The initial judgment was entered on April 26, 2005 by Judge Paul Gadola. [Dkt. # 24]. Judge Gadola determined that the petition for a writ of habeas corpus should be denied, but granted Petitioner a certificate of appealability and leave to proceed in forma pauperis on appeal. Petitioner, although he was represented by counsel, did not timely file a notice of appeal. His subsequent motions for relief from judgment and an extension of time to file an appeal were denied on September 30, 2005.

        Petitioner acknowledges that the time for reopening his appeal under Federal Rule of Appellate Procedure 4 elapsed several years ago, but he nonetheless seeks to reinstate his certificate of appealability under Federal Rule of Civil Procedure 60(d), claiming that he did not timely pursue an appeal with the United States Court of Appeals for the Sixth Circuit due to the ineffective

assistance of his habeas counsel. Petitioner asserts that he did not personally learn that the Court had denied his habeas petition until October, 2006, and claims that he "should not have to suffer the consequences of his attorney who deceived [him] just to get more money . . . ."

Federal Rule of Appellate Procedure 4(a)(6) establishes the time limits for filing a late notice of appeal. Prior to its amendment on December 1, 2009, it provided:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed from within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).[1] After the petition was denied in April 2005, Petitioner's counsel moved to reopen the appellate time period on August 8, 2005. Although the request was made within 180 days of the Court's denial of the petition, Judge Gadola denied the request because Petitioner did not allege or establish that he had not receive timely notice of the Court's denial of the petition. Indeed, Counsel for Petitioner acknowledged on June 29, 2005 [Dkt. # 27] that he had "recently" received notice that the petition was denied. Presumably, he was referring to the June 21, 2005 order denying his post-judgment motion for summary judgment. A request to reopen the appeal

---

[1] As of December 1, 2009, the rule was amended to provide the moving party with 14 days instead of 7 days under subsection (B) to file a motion to reopen after receiving notice of the judgment or order. Because the change was made nearly four years after the time to file a notice of appeal expired in this case, it is immaterial.

period was not filed until August 8, 2005, more than seven days after the June 21 notice. Fed. R. App. P. 4(a)(6)(B).

Even if Petitioner did not learn his petition had been denied until October, 2006, the late notice does not relieve him of the requirement that a request to reopen the appeal period be filed within 180 days of the Court's dismissal order. The Advisory Committee Notes to Rule 4(a)(6) state, in pertinent part, that the rule "establishes an outer time limit of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal . . . ." Advisory Committee Notes to 1991 Amendment. Petitioner had already missed the 180-day outer time limit when he allegedly learned the Petition had been denied. *See United States v. Personal Property Seized From D.C. Cycle Shop*, 229 F.3d 1155, 2000 WL 1175643 (6th Cir. 2000) (unpublished); *Baughman v. Ward*, 178 F. App'x 810, 810 (10th Cir. 2006); *United States v. Shingler*, 153 F. App'x 895, 895-96 (4th Cir. 2005). The 180-day outer limit has elapsed, and the request must be denied.

The petitioner also asks the Court to "reinstate" his certificate of appealability pursuant to Federal Rules of Civil Procedure 60(b) and 60(d). Under Federal Rule of Civil Procedure 60(b), a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgement that has been reversed or

otherwise vacated; or applying it prospectively is not longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) – no more than one year after the entry of the judgment or order or the date of the proceeding. *See* Fed. R. Civ. P. 60(c)(1); *Conner v. Attorney General*, 96 F. App'x 990, 992 (6th Cir. 2004). The bounds of reasonable time "ordinarily depends on the facts of the given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). A district court has broad discretion in deciding such matters, but that discretion is circumscribed by public policy favoring finality of judgments and termination of litigation. *See Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

Petitioner is not entitled to relief from judgment pursuant to Rule 60(b) because he did not act within one-year or within a reasonable time in bringing his motion following the dismissal of his petition. As noted, the Court denied his petition on April 26, 2005 and denied his motion for relief from judgment and to reopen the time for appeal on September 30, 2005. More than four years have passed since those decisions. Additionally, more than three years have passed since he learned that the petition had been denied. A three or four year delay is not a reasonable time within the meaning of Rule 60(b). *See, e.g.*, *Spearman v. United States*, No. 91-50013, 2007 WL 3227591, at *2 (E.D. Mich. Nov. 1, 2007) (six years after decision and four years after appeal denial is unreasonable); *Hence v. Smith*, No. 97-40461, 2007 WL 2421550, at *3 (E.D. Mich. Aug. 27, 2007) (eight years is unreasonable); *see also Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001) (three and one-half years is unreasonable).

The petitioner, however, also seeks relief under Federal Rule of Civil Procedure 60(d). The Sixth Circuit has explained Rule 60(d) as follows:

> While Rule 60(b) is generally a party's exclusive avenue when seeking relief from a final judgment or order, *see United States v. Beggerly*, 524 U.S. 38, 46, 118 S. Ct. 1862, 141 L. Ed. 2d 32 (1998), Rule 60( d) provides a "savings clause, preserving the law before its enactment in 1946, that allows judgments to be attacked without regard to the passage of time[.]" *Computer Leasco, Inc. v. NTP, Inc.*, 194 Fed. Appx. 328, 334 (6th Cir. 2006). Specifically, the section states:
>
>> (d) Other Powers to Grant Relief. This rule does not limit a court's power to:
>>
>>> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
>>>
>>> (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
>>>
>>> (3) set aside a judgment for fraud on the court.
>
> Fed. R. Civ. P. 60(d). Independent actions for relief under this section "must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of 'injustice which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of *res judicata*." *Beggerly*, 524 U.S. at 46, 118 S. Ct. 1862 (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244, 64 S. Ct. 997, 88 L. Ed. 1250 (1944)).
>
> We have set forth the elements of such an independent cause of action as:
>
>> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.
>
> *Barrett v. Sec'y of Health & Human Servs.*, 840 F.2d 1259, 1263 (6th Cir. 1987) (citations omitted). Relief through an independent action is available only in cases "of unusual and exceptional circumstances." *Rader v. Cliburn*, 476 F.2d 182, 184 (6th Cir. 1973).

*Marcelli v. Walker*, 313 F. App'x 839, 842 (6th Cir. 2009).

Petitioner claims that he should have his certificate of appealability reinstated under Rule 60(d) because habeas counsel was ineffective for failing to timely pursue an appeal with the United States Court of Appeals for the Sixth Circuit. However, such a failure by counsel does not warrant relief. It is well-settled that there is no constitutional right to counsel in post-conviction proceedings such that a habeas petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel."); *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005) (alleged ineffective assistance of counsel could not establish cause to excuse procedural default in post-conviction proceedings because there is no right to counsel in such proceedings); *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003) (citing cases).

While the Court does not condone the actions of habeas counsel, the improper conduct does not establish that relief under Federal Rule of Civil Procedure 60(d) is warranted. Petitioner had an opportunity to obtain the relief he now seeks by timely filing a motion to reopen the appellate time period. He did not do so. He has not shown that he was prevented from inquiring into the status of his petition or appeal in a more prompt fashion. Moreover, Petitioner has offered no explanation as to why he waited more than three years after allegedly receiving notice of the Court's denial of his petition to file the present motion. He has thus failed to show that his case presents "unusual and exceptional circumstances" which justify the extraordinary remedy requested. He is not entitled to relief under Rule 60(d) and the Court will not re-issue a certificate of appealability. Given this

determination, the Court also denies Petitioner's motions for appointment of counsel and to proceed in forma pauperis.

Accordingly, it is **ORDERED** that Petitioner's motion for relief under Rule 60(d), for appointment of counsel, and for reinstatement of a certificate of appealability [Dkt. # 31] is **DENIED**.

It is further **ORDERED** that Petitioner's motion for permission to proceed in forma pauperis on appeal [Dkt. # 30] is **DENIED**.

                                                  s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

Dated: June 2, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 2, 2010.

                                    s/Tracy A. Jacobs
                                    TRACY A. JACOBS